**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RODNEY CHISM,

        Petitioner,               Case No. 2:15-cv-14261
                                             HON. NANCY G. EDMUNDS
v.                                           UNITED STATES DISTRICT JUDGE

JEFFREY WOODS,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS
CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

Rodney Chism ("Petitioner"), has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan. He challenges his convictions for three counts of first-degree criminal sexual conduct, asserting that the trial court violated his due process rights in two ways: (1) by denying a motion to suppress his confession; and (2) by denying a motion for mistrial. Respondent, through the Attorney General's Office, has filed an answer in opposition to the petition, arguing that Petitioner's claims are meritless and, as to the mistrial claim, procedurally defaulted. For the reasons set forth below, the Court denies the petition and denies a certificate of appealability.

**I.    BACKGROUND**

Petitioner's convictions arise from his sexual conduct with a female piano student who was between 11 and 13 years of age.

The Michigan Court of Appeals summarized the facts in this case as follows:

> Defendant was employed as a piano instructor and the victim began taking piano lessons from him when she was eleven years old and stopped the lessons when she was under the age of 13. She testified that a couple of months after the start of the lessons defendant began putting his hand on her knee and then continued moving it higher up her leg. Later, defendant began to use his left hand to reach inside her pants, push away her underwear, and move his finger in between the lips of her vagina. She further testified that defendant touched her breasts on one occasion. The victim never protested the touching due to being afraid of getting hurt by defendant. She also did not mention the sexual assaults to her parents, but later on told a couple of her friends, who contacted the high school counselor and an investigation began.

*People v. Chism*, No. 313580, 2014 WL 667524, at *1 (Mich. Ct. App. Feb. 18, 2014).

During the investigation, Detective Sergeant Michael Crum of the Berkley Police Department called Petitioner, asking him to come to the station to talk about an unspecified allegation. Petitioner, who was around 50 years old at the time, drove himself to the Berkley Police Station and met with Sergeant Crum in an interview room. The entire interview was videotaped. Within 28 minutes, Petitioner confessed to sexually assaulting the victim. The entire interview lasted under an hour. When questioning Petitioner, Sergeant Crum stated the following:

> Do we charge [you] with, you know, 20 different felonies that have 200 years in prison time, and I hate to talk about a thing like that, or do we charge [you] with a misdemeanor?

*(*Dkt. 10-3 at 8.) Sergeant Crum also indicated that he was doing his best to keep the situation off of Fox 2 news, and that Petitioner would be facing a "freight train" if he continued to ignore the matter. (Id. at 9 and 13-14.)

The Oakland County Circuit Court held a *Walker* hearing on August 15, 2012, to determine the admissibility of the videotaped confession.[1] The Court concluded that,

---

[1] *See People v. Walker*, 374 Mich. 331 (1965).

2

under the totality of the circumstances, Petitioner's confession was voluntary and the confession was admissible.

During the trial, Petitioner's counsel again argued that the videotaped confession should be suppressed. When the Court made it clear that the confession could be played for the jury and asked whether there were certain parts that should be kept out, Petitioner's counsel stated: "if you're going to play it, play the whole thing." (Dkt.10-6 at 2.) The prosecutor played the video for the jury, muting only one section that referred to a polygraph. After seeing the video, Petitioner's counsel moved for a mistrial because Sergeant Crum indicated during the interview that he believed the victim. The Court denied the motion, but agreed to a limiting instruction.

Following the three-day trial, the jury convicted Petitioner of three counts of first-degree criminal sexual conduct (victim under 12 years old, defendant 17 or older). The Court sentenced him to concurrent sentences of 25 to 50 years' imprisonment for his three convictions.

Petitioner filed an appeal of right in the Michigan Court of Appeals, arguing that (i) his confession was not voluntary and the trial court erred in denying his motion to suppress and (2) that the trial court abused its discretion in denying his motion for mistrial. The Michigan Court of Appeals affirmed the conviction. *Chism*, 2014 WL 667524. Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Chism*, 497 Mich. 854 (2014).

Petitioner then filed a petition for writ of habeas corpus, which this Court *sua sponte* dismissed without prejudice because the petition contained unexhausted claims,

3

giving him 30 days to move to re-open the case to proceed on only his exhausted claims. *Chism v. Woods*, No. 15-cv-13237, 2015 WL 5590473 (E.D. Mich. Sept. 23, 2015). Instead, Petitioner filed the instant petition for habeas relief, raising only the following exhausted claims:

I. The trial court violated Petitioner's due process rights by denying the motion to suppress his confession; and

II. The trial court violated his due process rights and right to a fair trial by denying his motion for mistrial.

## II. STANDARD

The petitioner's claims are reviewed against the standards established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (*quoting Williams v. Taylor*,

529 U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (*quoting Williams*, 529 U.S. at 413). However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101

(2011), *quoting Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). Put another way,

> Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal . . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Id.* at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams,* 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme

5

Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007), *citing Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

### III. ANALYSIS

As a preliminary matter, the Court rejects Respondent's argument that the instant petition is second or successive and filed without authorization from the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b). "If an application is 'second or successive,' the petitioner must obtain leave from the Court of Appeals before filing it with the district court." *Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010). However, "not every numerically second petition is 'second or successive for the purposes of AEDPA."' *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006) (quoting *Slack v. McDaniel*, 529 U.S. 473, 487 (2000)). "A petition filed after a mixed petition has been dismissed . . . before the district court adjudicated any claims . . . is not a second or successive petition." *Slack*, 529 U.S. at 487.

6

As addressed above, Petitioner filed a prior petition, containing a combination of exhausted and unexhausted claims. This Court did not adjudicate his claims on the merits, but dismissed the mixed petition without prejudice to refiling the exhausted claims within 30 days. Petitioner, who is proceeding without the assistance of counsel, instead filed the instant action. Petitioner merely seems to have made a mistake attributable to his *pro se* status by filing the instant action rather than refiling under his former case number. As such, the Court will not consider the current petition to be second or successive and will address both of Petitioner's claims below.

### A. Confession Claim

Petitioner argues that the trial court violated his due process rights under the Fifth and Fourteenth Amendments by allowing the jury to view the entirety of his confession. He asserts that, under the totality of the circumstances, his confession was involuntary and therefore inadmissible. To support his position, Petitioner points to three discrete portions of his interview in which Sergeant Crum: 1) questions whether he should charge Petitioner with a misdemeanor or felony; 2) states that the situation could end up on the news; and 3) states that continuing to bury his head in the sand would result in a "freight train." Respondent counters that the Michigan Court of Appeals reasonably rejected this claim under the totality of the circumstances, especially because of Petitioner's age and the short duration of the interview.

The Fifth Amendment privilege against compulsory self-incrimination bars the admission of involuntary confessions. *Colorado v. Connelly*, 479 U.S. 157, 163-64 (1986). A confession is considered involuntary if: (1) the police extorted the confession by means of coercive activity; (2) the coercion in question was sufficient to overbear the

will of the accused; and (3) the will of the accused was in fact overborne "because of the coercive police activity in question." *McCall v. Dutton*, 863 F. 2d 454, 459 (6th Cir. 1988).

In determining whether a confession is voluntary, the ultimate question is "whether, under the totality of the circumstances, the challenged confession was obtained in a manner compatible with the requirements of the Constitution." *Miller v. Fenton*, 474 U.S. 104, 112 (1985). The circumstances to be considered include:

1) Police Coercion (a "crucial element");

2) Length of Interrogation;

3) Location of Interrogation;

4) Continuity of Interrogation;

5) Suspect's Maturity;

6) Suspect's Education;

7) Suspect's Physical Condition & Mental Health; and

8) Whether Suspect Was Advised of Miranda Rights.

*Withrow v. Williams*, 507 U.S. 680, 693-94 (1993). All of the factors should be closely scrutinized. *Culombe v. Connecticut*, 367 U.S. 568 (1961). Without coercive police activity, however, a confession should not be deemed involuntary. *Connelly*, 479 U.S. at 167 ("coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the Due Process Clause").

Applying the foregoing authority, the Michigan Court of Appeals' reasonably concluded that that Petitioner's confession was voluntary. The entire interview lasted less than an hour, and Petitioner confessed at the 28 minute mark. He was around 50

years old at the time of the interview and had previous experience with law enforcement as a result of an earlier DUI. Petitioner is a high school graduate who attended some college classes. There is no indication that his physical or mental health was in any way compromised at the time of the interview. He does not make any arguments with respect to the issuance of a *Miranda* warning. The interview took place in an interview room at the police station, which was not out of the ordinary in a way that could suggest involuntariness. Further, as noted by the Court of Appeals, Petitioner voluntarily drove himself to the interview after attempting to consult with his lawyer. Finally, Petitioner does not claim to have been mistreated in any way. *See DePew v. Andersons*, 311 F. 3d 753-54 (6th Cir. 2002). In sum, the totality of the circumstances supports the state court's conclusion that the confession was voluntary. The Court will address each of the contested statements in turn.

      **1.     Promise of leniency.**

Petitioner takes issue with Sergeant Crum's following question: "Do we charge [you] with, you know, 20 different felonies that have 200 years in prison time . . . or do we charge [you] with a misdemeanor?" He asserts that the question implied a promise of leniency in return for a confession.

A confession caused by a promise of leniency is involuntary where the promises are broken or illusory. "If the police misconduct at issue was not the 'crucial motivating factor' behind petitioner's decision to confess, the confession may not be suppressed." *McCall v. Dutton*, 863 F.2d 454, 459 (6th Cir. 1988). "The inquiry will be whether the defendant is likely to have reasonably understood the statements in question to be promises of leniency." *People v. Conte*, 421 Mich. 704, 741 (1984). Here, as the

Michigan Court of Appeals reasonably concluded, there was no such promise. Sergeant Crum's question was an open-ended query designed to explore the extent of Petitioner's crimes. Moreover, Petitioner has not demonstrated that he reasonably understood the statements to be promises of leniency. He admitted in his *Walker* hearing that he was aware that Sergeant Crum still needed to bring the matter to the prosecutor, and that sentencing decisions were not up to the police. As such, the Michigan Court of Appeals reasonably applied the law and correctly concluded that this question did not render the entire confession involuntary.

### 2. Media and "freight train" threats.

A confession is involuntary if coerced by threats, violence, promises, or improper influence. *Bram v. United States*, 168 U.S. 532, 542-43 (1897); *People v. Paintman*, 139 Mich. App. 161, 171 (1984). The trial court noted that Sergeant Crum's statements that he could put Petitioner's picture on "Fox 2 News" could be construed as a threat, especially considering that his livelihood as a piano teacher would be negatively impacted if he was on the news for allegedly molesting a student. Likewise, his comment that if Petitioner was going to "bury [his] head in the sand, it's going to be a freight train," could be considered a threat of additional punishment for not telling the truth. However, the Michigan Court of Appeals reasonably analyzed these potential threats under the totality of the circumstances and concluded that these minor instances did not render the confession involuntary, in light of Petitioner's age and education, as well as the short duration of the interview. This decision was reasonable and not contrary to clearly established law. There was no error in allowing the jury to view the confession in its entirety. A writ of habeas corpus will not issue on this basis.

### B. Vouching Claim

Petitioner characterizes his second claim as an attack on the trial court's failure to grant a mistrial, but failure to grant a mistrial is not a cognizable ground for habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (holding that violations of state law and procedure do not implicate specific federal constitutional provisions and are not cognizable in habeas review). The crux of Petitioner's claim is that he was denied a fair trial when Sergeant Crum "vouched" for the victim's credibility. In the interest of reading the petition under the "less stringent" standard afforded to *pro se* pleadings, the Court will consider Petitioner's vouching claim, irrespective of its framing. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

During Petitioner's videotaped confession, Sergeant Crum told him that he believed the victim and that he had three experts who would testify that she was telling the truth. Petitioner argues that the trial court violated his due process rights by playing the entirety of the video to the jury, including the above "vouching" for the victim's truthfulness, and by failing to grant his motion for mistrial on that basis. Respondent counters that this claim is procedurally defaulted because it was waived when trial counsel acquiesced to the admission of the entire videotape.

Petitioner's vouching claim is procedurally defaulted. Habeas relief may be precluded on claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules. *See Wainwright v. Sykes,* 433 U.S. 72 (1977); *Couch v. Jabe,* 951 F.2d 94 (6th Cir.1991). In *Wainwright,* the United States Supreme Court explained that a petitioner's procedural default in the state courts will

preclude federal habeas review if the last state court rendering a judgment in the case rested its judgment on the procedural default. 433 U.S. at 85.

In such a case, a federal court must determine not only whether a petitioner has failed to comply with state procedures, but also whether the state court relied on the procedural default or, alternatively, chose to waive the procedural bar. "A procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris v. Reed,* 489 U.S. 255, 263-64 (1989). The last explained state court judgment should be used to make this determination. *Ylst v. Nunnemaker,* 501 U.S. 797, 803-805 (1991). If the last state judgment is a silent or unexplained denial, it is presumed that the last reviewing court relied upon the last reasoned opinion. *Id.*

Here, the Michigan Court of Appeals rendered the last reasoned opinion. In dismissing Petitioner's mistrial claim, the court relied upon a state procedural bar—Petitioner's acquiescence to showing the video and insistence that the video be played in its entirety—which the court found to constitute a waiver of this issue. *See Chism*, 2014 WL 667524 at *3.[2] Although trial counsel did object to the videotaped confession after it was presented at trial, he "ultimately agreed to play the entire recorded confession for the jury." *Chism*, 2014 WL 667524 at *3.

---

[2] The Michigan Court of Appeals briefly assessed the merits of Petitioner's claim, but ultimately denied the claim because his "waiver extinguished any potential error that he later tried to use as a basis for mistrial." *Id.* A state court does not fail to sufficiently rely upon a procedural default by ruling on the merits in the alternative. *See McBee v. Abramajtys,* 929 F.2d 264, 267 (6th Cir.1991).

Waiver is an "intentional relinquishment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993). A criminal defendant who has waived his or her rights "may not then seek appellate review of claimed deprivation of those rights, for his [or her] waiver has extinguished any error." *United States v. Griffin*, 84 F.3d 912, 924 (7th Cir. 1996) (citing *Olano*, 507 U.S. at 733-34). "[W]aiver is a recognized, independent and adequate state law ground for refusing to review alleged trial errors." *Shahideh v. McKee*, 488 F. App'x 963, 965 (6th Cir. 2012). A state court conclusion that an issue was waived is considered a procedural default. *See id.*

The fact that Petitioner himself did not on the record expressly or affirmatively agree to show the entire videotape does not alter this analysis. *See United States v. Hicks*, 495 F. App'x. 633, 642-43 (6th Cir. 2012). Although certain fundamental rights of a criminal defendant, such as the right to counsel or whether to plead guilty, cannot be waived by counsel without the express, knowing and voluntary consent of the defendant, *see New York v. Hill,* 528 U.S. 110, 114 (2000), for other rights, "waiver may be effected by action of counsel." *Id.* The Supreme Court has noted that it has "in the context of a broad array of constitutional and statutory provisions, articulated a general rule that presumes the availability of waiver," even when that waiver involves "the most basic rights of criminal defendants." *Hill,* 528 U.S. at 114. Moreover, "decisions by counsel are generally given effect as to what arguments to pursue, what evidentiary objections to raise, and what agreements to conclude regarding the admission of evidence." *Id.* at 115. Petitioner's vouching claim is therefore procedurally defaulted due to waiver.

A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *Coleman,* 501 U.S. at 753; Gravley *v. Mills,* 87 F.3d 779, 784-85 (6th Cir. 1996). Petitioner neither alleges nor establishes cause to excuse his default. The Court need not address the issue of prejudice when a petitioner fails to establish cause to excuse a procedural default. *See Smith v. Murray,* 477 U.S. 527, 533 (1986); *Long v. McKeen,* 722 F.2d 286, 289 (6th Cir. 1983).

Additionally, Petitioner has not established that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *Schlup v. Delo,* 513 U.S. 298, 326-27 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 624 (1998). "To be credible, [a claim of actual innocence] requires petitioner to support his [or her] allegations of constitutional error with new reliable evidence— whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup,* 513 U.S. at 324. Petitioner has made no such showing. His mistrial claims related to Sergeant Crum's vouching are thus barred by procedural default and do not warrant habeas relief.

Even if the Court could excuse the procedural default, Petitioner would still not be entitled to relief. As the Sixth Circuit has explained, "[e]rrors by a state court in the admission of evidence are not cognizable in habeas proceedings unless they so perniciously affect the prosecution of a criminal case as to deny the defendant the

fundamental right to a fair trial." *Kelly v. Withrow*, 25 F.3d 363, 370 (6th Cir. 1994). Here, there is nothing in the record to indicate that Petitioner was denied a fair trial. To the contrary, as agreed upon by both parties, the trial court gave the jury the following instruction relating to Sergeant Crum's statements: "Witnesses are not permitted to comment on the credibility of another witness. You are the sole judge of the witnesses' credibility." (Dkt. 10-7 at 15.) "Juries are presumed to understand and follow such directions from the court. *United States v. Forrest*, 17 F.3d 916, 920-21 (6th Cir. 1994). Accordingly, Petitioner is not entitled to habeas relief on the basis that the trial court allowed the videotaped evidence of his confession.

Further, any error in allowing the jury to hear Sergeant Crum's statements was harmless. To prevail on a vouching claim, Petitioner must demonstrate that the statements infected his trial with such "'unfairness as to make the resulting conviction a denial of due process.'" *Byrd v. Collins,* 209 F.3d 486, 529 (6th Cir. 2000) (quoting *Wainwright,* 477 U.S. at 181). "To constitute a denial of due process, the misconduct must be 'so pronounced and persistent that it permeates the entire atmosphere of the trial.'" *Id.* at 529-30 (quoting *Pritchett v. Pitcher,* 117 F.3d 959, 964 (6th Cir.1997)). Although vouching for witnesses is improper, it is harmless error when the evidence against a defendant is otherwise strong. *Gall v. Parker,* 231 F.3d 265, 312 (6th Cir. 2000); *Wilson v. Mitchell,* 250 F.3d 388, 399 (6th Cir. 2001) (citing *United States v. Fullerton,* 187 F.3d 587, 592 (6th Cir.1999)). Habeas relief has seldom, if ever, been granted by the Sixth Circuit on the basis of improper vouching. *Byrd,* 209 F.3d at 537 & n. 43.

In the instant matter, the Michigan Court of Appeals explained that there was "no conflict between defendant's version of the events and the victim's testimony." *Chism*, 2014 WL 667524 at *3. The fact that Petitioner's confession corroborated the victim's testimony was strong evidence against Petitioner, and as such, any error in the admission of Sergeant Crum's statements about the victim's believability was harmless. Accordingly, Petitioner is not entitled to habeas relief.

## IV.    CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack,* 529 U.S. at 484 (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court will deny a certificate of appealability.

For the reasons stated above, the petition for a writ of habeas corpus and a certificate of appealability are **DENIED** and the matter is **DISMISSED**.

SO ORDERED.

s/ Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: 9/25/17